WILLIAM S. HALLIBURTON, Respondent, v. DWIGHT O. CLAPP et al., Appellants.

1. APPEAL TO THE COURT OF APPEALS AS MATTER OF RIGHT — ACTIONS COMMENCED IN A SUPERIOR CITY COURT. Since January 1, 1896, an appeal to the Court of Appeals can be taken as matter of right in an action commenced in any of the late superior city courts.

2. APPEAL BY ALLOWANCE OF APPELLATE DIVISION — CODE CIV. PRO. § 191. The provision of subdivision 1 of section 191 of the Code of Civil Procedure, which took effect January 1, 1896, that "no appeal shall be taken to" the Court of Appeals "in any civil action or proceeding commenced in any court other than the Supreme Court, County Court or a Surrogate's Court, unless the Appellate Division of the Supreme Court allows the appeal," was intended to refer only to courts existing when it took effect, namely inferior local courts, and does not apply to actions commenced in superior city courts, which, by force of the Constitution of 1894, ceased to exist on December 31, 1895.

(Argued April 6, 1896; decided April 14, 1896.)

THIS was a motion to dismiss the appeal herein.

The action was commenced in the Court of Common Pleas for the city and county of New York on the fifth of April, 1893, and was tried in the month of January, 1895, resulting in a judgment in favor of the plaintiff for the sum of $9,543.00. On the 15th of February, 1895, the defendants appealed from the judgment to the General Term of said court, but before the appeal was heard the court had ceased to exist and on the 7th of January, 1896, the appeal was argued before the Appellate Division of the Supreme Court in the first judicial department, which affirmed the judgment appealed from on the 24th of the same month. (See 1 App. Div. 71.) Formal judgment of affirmance was entered on the fourth of February, 1896, and on the same day an appeal was taken therefrom to this court. No certificate, allowing the appeal, has been granted by the Appellate Division. The respondent now moves to dismiss the appeal.

*William S. Lewis* for motion. In pursuance of the clearly-defined authority given by the Constitution, the legislature, in defining the jurisdiction of this court, intended to cut off the right of appeal to this court in cases commenced in the superior city courts, except by the leave of the Appellate Division that rendered the decision, and upon its certifying that, in its opinion, a question of law was involved which ought to be reviewed by the Court of Appeals. (Laws of 1895, chap. 946; Code Civ. Pro. §§ 190, 191; *People ex rel.* v. *Fowler,* 55 N. Y. 675.) The Court of Common Pleas is not a county court, and is consequently not included in the exception contained in the amendment to section 191. (*In re Morgan,* 56 N. Y. 629.)

*T. Henry Dewey* opposed. The Constitution, in article 6, section 5 thereof, shows that it was the design of the convention to place litigants who had begun actions in the superior city courts on the same legal footing as to rights of appeal from final judgments and orders determining actions entered

on decisions of the Appellate Division as those who had begun actions in the Supreme Court. (Const. of N. Y. art. 6, §§ 2, 5, 9; Const. of 1846, art. 6, § 12; Code Civ. Pro. §§ 263, 266, 267, 269, 273, 278, 286, 3191, 3213; Laws of 1873, chap. 239; *People ex rel.* v. *Green*, 58 N. Y. 295; *Gridley* v. *College of St. Francis Xavier*, 137 N. Y. 331.) The jurisdiction of the Court of Appeals is now defined by the Constitution itself though formerly its powers may have depended entirely upon statute. (*Batterman* v. *Finn*, 40 N. Y. 340; *People ex rel.* v. *Fowler*, 55 N. Y. 675; *Chaphe* v. *State, etc.*, 27 N. Y. S. R. 833; *Bryant* v. *Thompson*, 128 N. Y. 426, 434; *State* v. *County of Kings*, 125 N. Y. 312.) This appeal may be taken as of right to the Court of Appeals, it being an appeal from a judgment and an order entered upon a decision of the Appellate Division finally determining an action. (Const. N. Y. art. 6, § 9; *G. El. R. R. Co.* v. *Anderson*, 3 Abb. [N. C.] 452; *People ex rel.* v. *Angle*, 109 N. Y. 564; Code Civ. Pro. §§ 190, 191; Cooley Const. Lim. 78, 79.) This appeal does not come within the exception of the Constitution providing that "no unanimous decision of the Appellate Division of the Supreme Court that there is evidence supporting or tending to support a finding of fact or a verdict not directed by the court shall be reviewed." (Code Civ. Pro. §§ 992, 993, 994, 995, 996, 997, 999, 1002, 1022, 1336, 1337, 1338, 1339, 1346, 1347; Const. N. Y. art. VI, § 9; *Pharis* v. *Gere*, 112 N. Y. 413; *Healy* v. *Clark*, 120 N. Y. 642; *Williams* v. *D., L. & W. R. R. Co.*, 127 N. Y. 643; *Hurlburt* v. *Hurlburt*, 128 N. Y. 421; *Duryea* v. *Vosburgh*, 121 N. Y. 64; *Harris* v. *Burdett*, 73 N. Y. 137; *Snebley* v. *Conner*, 78 N. Y. 218; *Baldwin's Bank* v. *Butler*, 133 N. Y. 565; *Platt* v. *Platt*, 63 N. Y. 360; *Goodwin* v. *Conklin*, 85 N. Y. 21; *Van Wyck* v. *Watters*, 81 N. Y. 352; *Roberts* v. *Tobias*, 120 N. Y. 1.) A Constitution is deemed to operate only prospectively unless a manifest intention that it shall operate retrospectively appears on its face. This Constitution contains instrinsic evidence that the convention designed it to operate prospectively and did not design it to cut off existing remedies

24

or rights of appeal. (Cooley's Const. Lim. [3d ed.] 62, 63,.
73; *O'Reilly* v. *U.*, *N. & C. S. Co.*, 87 Hun, 412; *N. Y. & O:.
M. R. R. Co.* v. *Van Horn*, 57 N. Y. 477; *Isola* v. *Weber*,.
147 N. Y. 329; *People ex rel.* v. *Potter*, 47 N. Y. 375; *In re*
*N. Y. D. R. Co.*, 42 Hun, 625; *Shreveport* v. *Cole*, 129 U. S.
36; *People ex rel.* v. *Carson*, 10 Misc. Rep. 237; *People ex rel.*
v. *Lorillard*, 47 N. Y. S. R. 825; *Matter of Keymer*, 89
Hun, 293; *Sayre* v. *Wisner*, 8 Wend. 662.) The Constitu-
tion itself expressly declares that nothing therein shall affect.
any rights of property or any suits, actions, rights of actions.
or other proceedings in· courts of justice. It follows from
this language that appellant's right of appeal was saved.
(Const. of 1894, art. 1, § 17; Const. of 1822, art. 7, § 14;.
Const. of 1846, art. 2, § 18.) Sections 190 and 191 of the
Code of Civil Procedure should be construed so as to be con-
sistent with the Constitution, and it was the intention of the
legislature to make them accord with it. (Code Civ. Pro.
§§ 190, 191; *People ex rel.* v. *Thayer*, 88 Hun, 140; *People*
*ex rel.* v. *Bd. Suprs.*, 147 N. Y. 15; *People ex rel.* v. *Angle*,.
109 N. Y. 564; *People ex rel.* v. *Potter*, 47 N. Y. 375.)

VANN, J. This motion presents the question whether, since·
the first of January, 1896, an appeal to this court can be taken.
as matter of right, in an action commenced in any of the late
superior city courts. The respondent contends that such an
appeal cannot now be taken, unless the Appellate Division.
allows the same and certifies that a question of law is involved.
that ought to be reviewed by this court. This position is:
based upon section 191 of the Code of Civil Procedure, which
provides that "no appeal shall be taken to" the Court of
Appeals, "in any civil action or proceeding commenced in any
court. other than the Supreme Court, County Court or a.
Surrogate's Court, unless the Appellate Division of the:
Supreme Court allows" the same.

The Constitution provides that "except where the judg-
ment is of death, appeals may be taken, as of right to" the·
Court of Appeals "only from judgments or orders entered

upon decisions of the Appellate Division of the Supreme Court, finally determining actions or special proceedings and from orders granting new trials on exceptions, where the appellants stipulate that upon affirmance judgment absolute shall be rendered against them."   It further provides that " the Appellate Division in any department may, however, allow an appeal upon any question of law which, in its opinion, ought to be reviewed by the Court of Appeals," and that "the legislature may further restrict the jurisdiction of the Court of Appeals and the right of appeal thereto, but the right to appeal shall not depend upon the amount involved."   (Const. art. VI, § 9.)

By section five of the same article the various superior city courts were "abolished from and after the first day of January, 1896, \* \* \* and all actions and proceedings then pending in such courts " were " transferred to the Supreme Court for hearing and determination."   The jurisdiction lately exercised by the courts so abolished was vested in the Supreme Court. (Const. art. VI, § 5.)

These provisions were carried into effect by chapter 946 of the Laws of 1895, entitled " An act to amend the Code of Civil Procedure."   Section 190 of the Code, as thus amended, defines " the jurisdiction of the Court of Appeals in civil actions," and confers upon this court " exclusive jurisdiction to review upon appeal every actual determination made prior to the last day of December, 1895, at a General Term of the Supreme Court, or by either of the superior city courts, as then constituted, in all cases in which, under the provisions of the law existing on said day, appeals might be taken to the Court of Appeals."   In all other respects the jurisdiction of this court is defined by the same section in substantially the same language already quoted from the Constitution.   The next section attaches certain " limitations, exceptions and conditions " to the jurisdiction thus conferred by providing that no appeal shall be taken to this court " in any civil action or proceeding commenced in any court other than the Supreme Court, County Court or a Surrogate's Court," except upon

the allowance of the Appellate Division. (Code of Civ. Pro. § 191, sub. 1.) The respondent insists that it was the intention of the legislature by this provision to prohibit all appeals to this court, as a matter of right, in actions that originated in the late superior city courts. While the legislature had the power to do this, it would be an unexpected use of its power to allow appeals, as of right, from every actual determination made by the appellate branch of the abolished courts, so long as they were in existence, but after that, when the appeals pending had been transferred to the Supreme Court, and determined by the Appellate Division, to deny the right of appeal except upon a certificate of allowance. No reason is apparent for such a discrimination. The amounts involved in cases brought in the superior city courts are about the same, as in actions originating in the Supreme Court, and far exceed those commenced in the county courts. It would be strange to permit an appeal to this court in an action that was commenced in a county court to recover one thousand dollars and to refuse an appeal in an action commenced in a superior city court to recover one hundred thousand dollars. The contrast is quite as great when based upon the importance of the questions involved, as the obsolete courts had jurisdiction concurrent and co-extensive with the Supreme Court in actions that arose, or where the defendant resided, in the city where the court was held. (*People ex rel. Ryan* v. *Green*, 58 N. Y. 295 ; L. 1873, ch. 239.)

Section 191, however, as we read it, involves no such result. The object of that section, so far as the subdivision under consideration is concerned, was to make the practice conform to that which had hitherto prevailed in actions commenced in inferior courts, such as municipal and justices' courts. (Code Civ. Pro. § 1340 ; Const. art. VI, § 18.) · It had long been the rule in such cases, not to allow an appeal to this court except upon permission of the General Term. The General Terms were to go out of existence on the 31st of December, 1895, and it was necessary for the legislature to provide for the practice after that date. Accordingly, it passed the act in

question on the sixth of June, 1895, in anticipation of the
change soon to take place in the courts, by conforming the
practice to the new condition of affairs in this as well as in
many other respects. The last day that the superseded courts
were to exist was the 31st of December, 1895. Both sections,
190 and 191, were not to go into effect until the next day, or
January 1st, 1896, when the changes effected by the new
judiciary article of the Constitution were to go into operation.
The sections speak with reference to that date, for until then
they did not have the force of law. Section 191 refers to
courts in existence when it took effect. It does not include
the courts which had been abolished. It provides a rule to
govern the action of courts that were continued by the new
Constitution. It has the same meaning as if it had said that
no appeal shall be taken in any action commenced in any
court "now existing," other than the Supreme Court, County
Court, etc. The preceding section had arranged for appeals
from the judgments of the late courts, as well as for those to be
taken from the decisions of the new Appellate Division. Then
this section renewed the limitation that had previously
existed, with reference to actions commenced in courts of
inferior jurisdiction, such as those specifically named in
the corresponding subdivision of the section before it was
amended. The subdivision as it formerly stood provided
that an appeal could not "be taken in an action com-
menced in a court of a justice of the peace, or in the City
Court of New York, or in a District Court of that city, or in
the City Court of Yonkers, or in a Justice's Court of a city,"
unless "the General Term which rendered the determina-
tion" allowed the appeal. In amending the section the
legislature, instead of naming the inferior courts, which are
somewhat numerous, and the number may be increased under
the Constitution, referred to them by a phrase having the
same meaning and the sentence was thereby shortened.
(Const. art, VI, § 18.) The section also became so flexible in
its application as to include any "inferior local courts" that
may hereafter be created by the legislature.

As the courts referred to by name are all existing courts, so those referred to by the phrase "any court other than" those so named are existing courts also. There were no "other courts" then, except the inferior courts, for the superior city courts had expired. As thus construed the statute serves a useful purpose and leads to no absurd result.

We think that when section 191 is read in contrast with the same section as it stood prior to the amendment, and due attention is given not only to the language used, but also to the circumstances under which it was used, as well as to the reason for amending the section in the light of antecedent law and practice, the legislature intended to refer to courts existing when the act took effect and to limit appeals on that basis only, so far as the subdivision in question is concerned.

The motion to dismiss the appeal should, therefore, be denied.

All concur.

Motion denied.